# BORDEN'S CONDENSED MILK COMPANY *v.* EAGLE MANUFACTURING COMPANY.

---

### AGREED STATEMENT OF FACTS; EVIDENCE; APPEAL AND ERROR; TRADEMARKS.

1. A case submitted on an agreed statement of facts must be determined in the light of such statement. (Citing *District of Columbia* v. *Lee*, 35 App. D. C. 341.)

2. Where a proceeding in opposition to the registration of a trademark was heard and determined in the Patent Office on an agreed statement of facts, which provided that copies of all certificates of registration of trademarks "necessary and desirable in this proceeding" might be offered and marked in evidence, a copy of a registration not offered in evidence in the Patent Office, but attached to the appellant's brief in this court, will not be considered.

3. An opposition to the registration of the word "Eagle" for ice cream cones, which are made wholly without milk or any dairy product, and are used as containers for ice cream, is properly dismissed where the prior use by the opposer of the same word was upon dairy products, such as condensed and evaporated milk and cream, etc. (Distinguishing *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6; and *Canton Culvert & Silo Co.* v. *Consolidated Car Heating Co.* 44 App. D. C. 491.)

No. 1115. Patent Appeals. Submitted November 13, 1917. Decided December 3, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in a proceeding in opposition to the registration of a trademark. *Affirmed.*

The facts are stated in the opinion:

*Mr. Walter D. Edmonds* for the appellant.

*Mr. E. T. Fenwick* and *Mr. L. L. Morrill* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

This is a trademark opposition proceeding in which the Patent Office dismissed appellant's opposition to the registration by the appellee of the word "Eagle" as a trademark for ice cream cones.

The case was heard upon an agreed statement of fact, and where such an agreement has been entered into the case must be determined in the light of it. *District of Columbia* v. *Lee,* 35 App. D. C. 341, 21 Ann. Cas. 973.

Turning to the statement in the present case we find that appellant, the Borden's Condensed Milk Company, and its predecessors for many years have used the trademark "Eagle" on dairy products, comprising "condensed milk, evaporated milk, milk, cream, evaporated cream, buttermilk, and compounds of milk, and a food product, as, for example, malted milk and condensed coffee." In 1905, a date long subsequent to the adoption and use by appellant, the appellee, the Eagle Manufacturing Company, adopted it as a trademark on ice cream cones. These cones are a bakery product consisting of a dough, made wholly without milk or any dairy product, and are used as containers for ice cream.

In the agreed statement it was stipulated that copies of all certificates of registration of trademarks "necessary or desirable in this proceeding" might be offered and marked in evidence. Attached to appellant's brief is a copy of a registration on June 17, 1913, of the word "Eagle" as a trademark for ice cream. In this registration it is alleged that the mark has been used since November 18, 1912. We cannot consider this registration. In the first place, it was not offered in evidence and brought to the attention of the Patent Office, since the Examiner of Interferences states "that opposer has not shown that it has ever used the mark 'Eagle' on ice cream; it has not even alleged that it has made or sold ice cream." The Assistant Commissioner in his decision said: "The opposer not only does not deal in ice cream cones, but this record does not indicate that it deals in ice cream itself." The stipulation to which we have referred in the agreed statement of fact was not intended to

broaden the scope of the issue. Obviously, the registrations there referred to were intended to be limited to the specific issues agreed upon. Moreover, since appellee adopted its mark in 1905, and appellant, according to the registration referred to, did not commence to use the word as a trademark for ice cream until seven years later, it acquired no rights thereby.

The sole question to be determined, therefore, is whether the use of the mark by appellee on ice cream cones and the use of the same mark by appellant on the dairy products heretofore mentioned will be likely to cause confusion. We agree with the Patent Office that it will not. In *Borden Ice Cream Co.* v. *Borden's Condensed Milk Co.* 121 C. C. A. 200, 201 Fed. 510, the circuit court of appeals for the seventh circuit ruled that the former company, which made commercial ice cream, did not come into competition with the latter company, which sold dairy products, even though both used the same trademark. There is too much difference between dairy products and ice cream or ice cream cones to make applicable the rule announced in *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6; and *Canton Culvert & Silo Co.* v. *Consolidated Car Heating Co.* 44 App. D. C. 491, to the effect that the owner of a trademark will not be unduly restricted in the legitimate and natural extension of his business by the registration of the mark to another.

The decision is affirmed.                    *Affirmed.*